# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN WATERLOO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR16-2006-LTS |
| vs. | **ORDER** |
| FORREST RINDELS, | |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge, recommends that I deny defendant's motion to suppress. *See* Doc. No. 34.

## I. BACKGROUND

### a. *Procedural History*

On February 3, 2016, the grand jury returned an indictment (Doc. No. 2) against the defendant, charging him with four counts related to the receipt and possession of child pornography. The defendant filed his motion to suppress (Doc. No. 24) on March 9, 2016. A superseding indictment (Doc. No. 27) filed on March 15, 2016, added another count related to child pornography and a charge of illegally possessing a firearm. Judge Scoles conducted a hearing on the motion to suppress on March 21, 2016, and issued his R&R on March 28, 2016. Neither party has filed written objections to the R&R. Any objections are now deemed waived. *See* N.D. Ia. L.R. 72.

*b.*     *Relevant Facts*

I find no error with regard to Judge Scoles' detailed statement of facts and, therefore, adopt it in its entirety. In short, the Iowa Division of Criminal Investigation (DCI) conducted a child pornography investigation and suspected that the defendant was receiving child pornography over a peer-to-peer computer network. Law enforcement officers obtained a search warrant and, during the execution of that warrant, approached the defendant while he was at work. The defendant agreed to speak to the officers in a law enforcement vehicle. The primary investigating officer stated he did not remember if he told the defendant that he was free to leave when they talked at defendant's workplace. However, it is undisputed that once they were in the law enforcement vehicle, the officer advised the defendant: "[Y]ou're free to go at any time." During most of the questioning, the defendant was alone in the car with one officer, although a second officer briefly entered the vehicle to talk to the first officer. The defendant made incriminating statements during the interview.

## II.     APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. DISCUSSION

The defendant argues that once the officers led him to their vehicle and began questioning him, he was in custody and should have been informed of his *Miranda* rights. However, Judge Scoles concluded:

> [T]he *Griffin* factors weigh in favor of a finding that Defendant was not in custody while being questioned by [the agents.] There was no formal arrest and the restraint on Defendant's freedom of movement was not of the degree associated with a formal arrest. . . If Defendant was not in custody when interviewed by [the agents], then a *Miranda* warning was not required, and Defendant's motion to suppress should be denied.

Doc. No. 34 at 8 (internal citations omitted).

3

*a.     Applicable Standards*

A suspect in custody must be advised as follows:

He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

*Miranda v. Arizona*, 384 U.S. 436, 479 (1966). If a suspect requests an attorney, then questioning must cease until a lawyer has been made available or the suspect initiates the conversation. *Dormire v. Wilkinson*, 249 F.3d 801, 804 (8th Cir. 2001) (citing *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981)). However, "[o]fficers are only required to cease questioning if a suspect's request for an attorney is clear and unambiguous." *United States v. Mohr*, 772 F.3d 1143, 1145 (8th Cir. 2014).

A person is "in custody" when he is formally arrested or when his freedom of movement is restrained to a degree equivalent with formal arrest. *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (*per curiam*). "[W]hether a suspect is 'in custody' is an objective inquiry." *J.D.B. v. N. Carolina*, 564 U.S. 261, 131 S. Ct. 2394, 2402 (2011). "Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was at liberty to terminate the interrogation and leave." *Id*. (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)) (internal quotation marks omitted). "Once the scene is set and the players' lines and actions are reconstructed, the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." *Id*. (quoting same); *see also United States v. LeBrun*, 363 F.3d 715, 720 (8th Cir. 2004) (*en banc*). "Rather than demarcate a limited set of relevant circumstances, we have required police officers and courts to examine all of the circumstances surrounding the interrogation, including any circumstance that would have

affected how a reasonable person in the suspect's position would perceive his or her freedom to leave." *J.D.B.*, 131 S. Ct. at 2402 (internal citation and quotation marks omitted). "The test, in other words, involves no consideration of the 'actual mindset' of the particular suspect subjected to police questioning." *Id*.

In *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990), the Eighth Circuit identified six factors to consider in determining whether an individual is in custody for *Miranda* purposes:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

"The [*Griffin*] analysis depends upon a review of the totality of the circumstances, and [t]he ultimate test is whether a reasonable person in that position would have felt free to end the interview." *United States v. Sanchez*, 676 F.3d 627, 630-31 (8th Cir. 2012) (internal citations omitted). The first three factors tend to mitigate the existence of custody, while the last three tend to aggravate it. *United States v. Boslau*, 632 F.3d 422, 427 (8th Cir. 2011). "There is no requirement. . . that the *Griffin* analysis be followed ritualistically in every *Miranda* case." *United States v. Czichray*, 378 F.3d 822, 827 (8th Cir. 2004). "When the factors are invoked, it is important to recall that they are not by any means exclusive, and that 'custody' cannot be resolved merely by counting up the number of factors on each side of the balance and rendering a decision accordingly." *Id*. "The ultimate inquiry must always be whether the defendant was restrained as though he were under formal arrest." *Id*. at 828; *see also LeBrun*, 363 F.3d at 720.

"The most obvious and effective means of demonstrating that a suspect has not been 'taken into custody or otherwise deprived of . . . freedom of action,' is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will." *Griffin*, 922 F.2d at 1349 (alteration in original) (internal citation omitted) (quoting *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612). Put another way, regardless of how the other factors weigh "an explicit advisory that an individual is free to leave generally weigh[s] heavily toward a finding of non-custodial status." *United States v. Laws*, --- F.3d ----, 2016 WL 1013084, at *6 (8th Cir. 2016) (internal citations omitted).

### *b.   Analysis*

Because neither party objected to the R&R, I have reviewed it for clear error. In his R&R, Judge Scoles applied the six *Griffin* factors and found that the defendant was not in custody while being questioned in the law enforcement vehicle. Specifically, Judge Scoles found that: (1) the defendant was informed that he could leave; (2) there was very little restriction on defendant's freedom of movement; (3) defendant voluntarily acquiesced to going to the law enforcement vehicle; (4) law enforcement did not employ any strong arm tactics against the defendant; (5) the interview was not in a police dominated atmosphere; and (6) defendant was not arrested at the conclusion at the interview. I agree.

As Judge Scoles explained, all of the *Griffin* factors lead to a conclusion that defendant was not in custody when he made incriminating statements to law enforcement. Even those factors that seem as though they could be open to discussion, such as whether or not the interview was in a police-dominated environment, weigh in favor of a finding that the defendant was not in custody, as being questioned by only one or two officers does not, alone, constitute a "police dominated" environment. *See United States v. Axsom*, 289 F.3d 496, 502 (8th Cir. 2002). Also, as noted above, the most important

factor is whether or not law enforcement informed the defendant that he was free to leave. In this case, the audio recording of the interview unequivocally shows that the officer told the defendant he was "free to go at any time."

Judge Scoles correctly found that the defendant was not in custody at the time of the interview. As such, the defendant was not entitled to a *Miranda* warning and there is no basis for suppressing his statements. Because I am not "left with the definite and firm conviction that a mistake has been committed," *Anderson*, 470 U.S. at 573-74, I hereby **accept** the R&R (Doc. No. 34) without modification. The defendant's motion to suppress (Doc. No. 24) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 14th day of April, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE